**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) KIMBERLY SHANNON and<br>2) JEREMY SHANNON,<br><br>        Plaintiffs,<br><br>vs.<br><br>1) NASHVILLE LOGISTICS, LLC, and<br>2) BOBBY WAYNE LOVEJOY<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 20-cv-356-SPS<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs Kimberly Shannon and Jeremy Shannon bring their causes of action against Defendants Nashville Logistics, LLC, and Bobby Wayne Lovejoy, and state as follows:

**Parties**

1. Plaintiff, Kimberly Shannon is a citizen of Oklahoma and resident of Bryan County, Oklahoma.

2. Plaintiff, Jeremy Shannon is a citizen of Oklahoma and resident of Bryan County, Oklahoma.

3. Upon information and belief at the time of filing, Defendant Nashville Logistics, LLC, is incorporated with its principal place of business in Tennessee.

4. Upon information and belief at the time of filing, Bobby Wayne Lovejoy is a citizen of Arkansas.

**Jurisdiction and Venue**

5. This action is brought under 28 USC § 1332(a).

6. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. This action is between citizens of different states, thus satisfying the diversity requirement of the applicable statute.

8. Defendants were doing business in Oklahoma and purposefully availed each Defendant to the privilege of conducting business activities in Oklahoma. Thus, Nashville Logistics, LLC, and Mr. Lovejoy invoked the benefits and protections of the law of Oklahoma.

9. Defendants have sufficient contacts in the Federal District of the Eastern District of Oklahoma to subject them to personal jurisdiction.

10. Venue is proper under 28 USC § 1391(a)(2) because a substantial part of events giving rise to this claim occurred within this judicial district.

11. Plaintiffs will serve Defendant Bobby Lovejoy in accordance with Federal Rules of Civil Procedure, Rule 4(e).

12. Plaintiffs will serve Defendant Nashville Logistics, LLC, in accordance with Federal Rues of Civil Procedure, Rule 4(h), by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

**Facts**

13. At approximately 5:07 p.m. March 12, 2019, Plaintiff Kimberly Shannon was traveling north bound on Interstate Highway 69/75, four miles south of Washington Avenue exit, near Durant, Oklahoma.

14. Defendant, Bobby Lovejoy, was traveling the same direction in a 2018 white International tractor-trailer.

15. Defendant, Lovejoy, was driving the tractor trailer owned by Defendant Nashville Logistics, LLC, and GCB Logistics, Inc., and within the scope of his employment at the

time of the collision.

16. Defendant Lovejoy struck the rear of Plaintiff Kimberly Shannon's 2018 black Dodge Charger.

17. The Defendants caused Plaintiffs' damages stated more specifically herein.

18. Plaintiffs suffered injuries and damages by reason of this collision.

## Causes of Action

*Negligence:*

19. Defendant Lovejoy had a duty to drive his vehicle in a safe manner.

20. Defendant breached his duty by driving at excessive speeds, not keeping a proper lookout, by not maintaining a safe distance from the rear of traffic in front of his tractor-trailer, and my failing to stop or slow in time to avoid a collision with slowed traffic.

21. Defendants' breach of duty caused his tractor-trailer to collide with the rear of Plaintiff's vehicle.

22. As a direct result of the negligent acts of Defendant Lovejoy's driving his tractor-trailer, Plaintiff K. Shannon suffered significant damages that may include bodily injury, considerable physical and mental pain and suffering, as well as other damages, all of which will be more particularly proven at trial, and entitle Plaintiff to collect an amount in excess of $75,000.00, from Defendants exclusive of interests and costs.

*Negligence Per Se:*

23. Plaintiffs would show that on the occasion in question, Defendant Lovejoy violated the laws of the State of Oklahoma as more specifically set out herein and that Plaintiff's damages were proximately caused by Defendant's violation of state law, which constitutes negligence per se and/or general negligence:

a. When driving a motor vehicle, by driving in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in Section 11-801 of Title 47 so as to be deemed reckless driving as a reasonable a prudent person would not have done and in violation of OK Title 47 § 11-901.

b. While driving a vehicle, by failing to devote his full time and attention to such driving as a reasonable and prudent person would have done and in violation of OK Title 47 § 11-901.

24. The above-listed statutory provisions, along with others, were violated by Defendant Lovejoy on or about March 12, 2019. The resulting injuries were exactly the type which the legislature intended to prevent by the passage of the statutes. Defendant's violations of any number of statutory provisions of the Oklahoma Highway Safety Code fit squarely within the framework of negligence per se, and Defendant Lovejoy is liable for the damages resulting therefrom.

25. As a direct result of the negligent per se of Defendant Lovejoy, Plaintiffs suffered significant damages that may include bodily injury, considerable physical and mental pain and suffering, as well as other damages, all of which will be more particularly proven at trial, and entitles Plaintiff to collect an amount in excess of $75,000.00, from Defendants exclusive of interests and costs.

*Respondeat Superior:*

26. Defendant Nashville Logistics, LLC, as the employer of Defendant Lovejoy, is liable for the negligence and wrongful acts of Lovejoy.

27. At the time of Lovejoy driving the tractor-trailer owned by Defendant Nashville

    Logistics, Lovejoy was working for and employed by Defendant Nashville Logistics.

28. Lovejoy was not on a frolic but was driving a tractor-trailer for his employer Nashville Logistics at the time of the incident.

29. Defendant Nashville Logistics, LLC, is liable as a direct result of the negligent acts of Defendant Lovejoy. Plaintiff suffered significant damages that may include bodily injury, considerable physical and mental pain and suffering, as well as other damages, all of which will be more particularly proven at trial, and entitles Plaintiffs to collect an amount in excess of $75,000.00, from Defendants exclusive of interests and costs.

*Loss of Consortium:*

30. As the direct result of the negligent acts of Defendants, Kimberly Shannon's husband has a claim in his own right for loss of consortium, which will be more particularly proven at trial and entitles Plaintiffs to collect an amount in excess of $75,000 from Defendants exclusive of interests and costs.

Plaintiff respectfully requests this Court enter judgment against Defendants in an amount greater than $75,000, together with interest, costs, attorneys' fees, and other relief Plaintiff is entitled.

                                           Respectfully Submitted,

                                           ___s/David Burrage_____
                                           David Burrage, OBA #19422
                                           Burrage Law Firm
                                           1201 Westside Drive,
                                           Durant, OK 74701
                                           Telephone: (580) 920-0700
                                           Facsimile: (580) 920-0702
                                           davidburrage@burragelaw.com

**Jury Trial Demanded**
**Attorney Lien Claimed**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Dan Jones
dan@millsfirm.com

                                          s/David Burrage